UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTHONY BUONO,** : | Civil Action No. 06-3414 (KSH) |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | OPINION AND |
| **CITY OF NEWARK, ET AL,** : | ORDER ON INFORMAL |
| : | APPLICATION |
| **Defendants** : | |
| : | |

      This matter having come before the Court by way of submissions regarding the plaintiff's request to compel the deposition of Mayor Cory Booker ["deponent"] and the defendants' application to preclude the same;

      and the Court having considered the submission,[1] claims, defenses, and governing law;

---

[1]In support of the application to compel the deposition of the deponent, plaintiff argues: (1) the deponent can provide relevant testimony about: (a) conversations he had with the plaintiff about retaliation taken against him because of his affiliation with the deponent's campaign, (b) the plaintiff's role in the campaign, (c) facts about the retaliation, and (d) the basis for the letter the deponent sent while he was a candidate about political retaliation against city employees; (2) he has testified at his own deposition that he had four conversations with the deponent during which the deponent expressed an awareness of the alleged retaliatory disciplinary actions taken against plaintiff and should now be permitted to probe the deponent's personal knowledge of and the factual basis for his statements to the plaintiff; (3) the deponent should not be immune from providing testimony about events of which he has knowledge that occurred during his campaign and the focused deposition to confirm that he made the statements to the plaintiff and the basis for them will not be time consuming or disrupt his other duties; (4) precluding the deposition will likely result in rendering inadmissible the testimony of the plaintiff concerning the statements that the deponent made to him during the campaign; and (5) defendants have had sufficient notice of plaintiff's desire to conduct this deposition.

      In opposition, the defendants argue that: (1) the proposed deposition would not lead to the discovery of admissible evidence because there is no showing that the deponent has personal knowledge of the alleged conspiracy to retaliate by the former Mayor's administration; (2) other individuals have been identified who can testify about conversations that they had with the deponent about the plaintiff's claims; (3) the deposition will not yield evidence essential to plaintiff's case as the deponent played no role in events in question, and hence, lacks personal knowledge about staffing decisions that impacted the plaintiff, or any knowledge of any

and for the reasons set forth herein;[2]

---

discipline of the plaintiff and therefore there is no basis to distract the deponent from his duties; (4) certain facts concerning the plaintiff's assistance with the deponent's campaign will be undisputed; (5) the disclosure of his conversations with the deponent one year after he filed his complaint suggests that he is attempting to raise the profile of his case by seeking to compel the deponent's deposition and plaintiff's refusal to serve interrogatories on the deponent to obtain the basis for the deponent's alleged knowledge of events involving the plaintiff shows that his motive is not to secure admissible evidence; (6) even assuming the deponent testified that he had conversations with the plaintiff and acknowledged that the deponent had heard about the allegedly retaliatory discipline, his statements would not have a tendency to prove any of the elements of the causes of action and would be inadmissible hearsay; (7) if the deposition proceeds, then the defendants would request that it be limited to the factual allegations in the plaintiff's complaint and would seek leave to have the deposition kept under seal to avoid media attention that could impact the deponent's ability to govern.

[2]Rule 26 permits parties to seek depositions if they believe the deposition will lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (stating that discovery is permitted to obtain relevant evidence). Rule 26(c), however, allows a court to grant a protective order from discovery for "good cause shown." Absent extraordinary circumstances, good cause exists to preclude the deposition of a high level government official because there is a public policy interest in ensuring that high level government officials are permitted to perform their official tasks without disruption or diversion. Hankins v. City of Philadelphia, Civ. No. 05-1499, 1996 WL 524334, *1 (E.D.Pa. Sept. 12, 1996), citing Warzon v. Drew, 155 F.R.D. 183, 185 (E.D. Wis. 1994). As the Court of Appeals for the First Circuit observed, "this rule is based on the notion that high ranking government officials have greater duties and time constraints than other witnesses" and that, "without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." Bogan v. City of Boston, 489 F.3d 417, 423-24 (1st Cir. 2007) (internal quotation marks omitted and citing In re United States (Kessler), 985 F.2d 510, 512 (11th Cir.1993). These interests require the requesting party to show that the deposition is likely to lead to the discovery of admissible evidence and thus, mere knowledge or awareness of information that may be helpful if discovered, Robinson v. City of Philadelphia, Civ. No. 04-3948, 2006 WL 1147250 * 2 (E.D. Pa. April 26, 2006), and even an official's pro forma approval of a matter without showing deliberations about it, will not justify ordering a deposition of the official. Hankins, 1996 WL 524334 * 2.

Although the Court of Appeals for the Third Circuit has not spoken on this issue, many other courts have. In fact, the United States Supreme Court in United States v. Morgan, 313 U.S. 409, 422 (1941), indicated that the practice of calling high ranking government officials as witnesses should be discouraged. Relying on Morgan, other courts have concluded that top executive department officials should not be required to appear for depositions or testify at trial absent extraordinary circumstances, even if the deposition seeks to probe their reasons for taking official action. Simplex Time Recorder Co. v. Sec'y of Labor, 766 F.2d 575, 586 (D.C. Cir. 1985)(citing EEOC v. K-Mart, 694 F.2d 1055, 1067-68 (6th Cir.1982)); see also In re United States (Holder), 197 F.3d 310, 313 (8th Cir. 1999); In re FDIC, 58 F.3d 1055, 1060 (5th

Cir.1995); Kessler, 985 F.2d at 512 (observing that the "reason for requiring exigency before allowing the testimony of high government officials is obvious"); In re Office of Inspector General, R.R. Retirement Bd. 933 F.2d 276, 278 (5th Cir. 1991)(stating that the Court agrees with "our D.C. Circuit colleagues [in Simplex] that 'top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions'")

      To determine if extraordinary circumstances exist, courts consider whether or not the party seeking the deposition has shown: (1) that the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that could not be reasonably obtained from other sources; (3) the testimony is essential to that party's case; (3) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (4) that the evidence sought is not available through any alternative source or less burdensome means.  Bogan, 489 F.3d at 423-24 (observing that depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated that cannot be obtained from other sources and affirming the issuance of a protective order precluding the deposition of the Mayor because the plaintiff did not pursue other avenues of information, such as the Mayor's aides who would have been able to clarify the Mayor' role in the inspection that the Mayor allegedly ordered)(citing Holder, 197 F.3d at 314, Energy Capital Corp. v. United States, 60 Fed. Cl. 315, 318 (Fed. Cl. 2004) (noting that both current and former high-ranking government officials are subject to depositions if they have personal knowledge of the facts in issue), Gibson v. Carmody, Civ. No. 89-5358, 1991 WL 161087 (S.D.N.Y.1991) (allowing the deposition of a former New York City Police Commissioner because of his personal knowledge of the issues at stake), and American Broadcasting Companies v. U.S. Information Agency, 599 F. Supp. 765 (D.D.C.1984) (applying a similar standard to the former Director of the United States Information Agency)); see also Robinson, 2006 WL 1147250 at * 2; Marisol et al. v. Guiliani, et al., Civ. No. 95-10533, 1998 WL 132810, *4 (S.D.N.Y. March 23, 1998) (requiring a showing that the official has unique first-hand personal knowledge that cannot be obtained elsewhere and granting the Mayor a protective order because discovery could be obtained from other employees); Hankins, 1996 WL 524334 at *1 (citing Warzon, 155 F.R.D. at 185); Alexander v. FBI, 186 F.R.D. 1, 5 (D.D.C.1998) (denying a request for discovery of a high ranking government official because "there are other avenues of discovery that plaintiffs may purse to establish their theory").

      There is no dispute that the proposed deponent is currently a high ranking government official and therefore is not subject to being deposed absent a showing of extraordinary circumstances. Bogan, 489 F.3d at 424; Marisol,1998 WL 132810 at *4 (treating a mayor as a high ranking government official for purposes of a motion for a protective order from discovery). Moreover, the parties do not seem to dispute that the above factors govern this application, regardless of the fact that the events at issue occurred before the deponent became Mayor.

      The Court must, therefore, next determine if the plaintiff has met its burden to obtain the deposition.  The Court has considered these factors and has determined that the plaintiff has failed to do so.   First, there is no allegation that the deponent played any role in the events about which plaintiff complains.  The deponent did not work for the City of Newark at the time of the

---

alleged activity and played no role in the alleged retaliatory activity.  Thus, unlike the case involving a sitting President who was sued for actions in which he allegedly engaged before his presidency, Jones v. Clinton, 869 F. Supp. 690 (E.D. Ark. 1994), aff'd in part, rev'd in part, 72 F.3d 1354 (8th  Cir. 1996), aff'd, 520 U.S. 681 (1997), the deponent was not an alleged actor in any of the events, potentially liable for any wrongdoing, or even in a position to privy to discussions with those who allegedly disciplined the plaintiff.

Second, there is nothing to show that the deponent has personal knowledge of the events that could not be gleaned from others.  Because the deponent did not work for the City at the time of the events in question, any information about how the plaintiff was allegedly treated had to have come from other sources.  Thus, while a deposition may lead to the discovery of admissible evidence in the form of identifying the sources of information from whom the deponent may have heard about the allegedly retaliatory conduct, this does not warrant disrupting his important duties to depose him.

Third, a less disruptive means exists to obtain the potentially admissible evidence. Assuming that the plaintiff testified that he had four one-on-one meetings with the deponent during which the deponent expressed an awareness of the alleged retaliation, the plaintiff can secure the deponent's source of this information and the contents of the information that the deponent was provided through a certification from the deponent.  If the deponent identifies individuals who provided him with information concerning actions specifically involving the plaintiff, then the plaintiff can request permission to depose those persons as it is more likely that they will have personal knowledge of the evidence to support plaintiff's claims than a person who did not work for the City at the time and therefore was at best relaying information that he had heard.  Whether or not the deponent would even be permitted to testify at trial about such statements would depend on whether or not they constitute nonhearsay admissions of a party or are admissible under a hearsay exception.  Whether or not the deposition proceeds, therefore, would not change the hearsay issue nor does it have an impact whether or not the hearsay rules would permit the plaintiff to convey the statements that he has attributed to the deponent.

In any event, the deponent's alleged statements are at best based upon information that he obtained from others who are likely to be closer to the sources of the information.   Because the deponent would at best be relaying information he received from others and because the identity of these individuals and what they told deponent can be secured in a less disruptive and more efficient way, the Court will not require the deponent to participate in a deposition.  Rather, the deponent will be  required to provide a certification that sets forth whether or not the deponent recalls discussions with or about the plaintiff, identifies the persons who provided the information and describes what those persons said, and explains whether or not his letter to city employees was the result of what he had heard happened specifically to the plaintiff. Cf. Maui Vacation Rental Ass'n, Inc., v. County of Maui, Civ. No. 07-495, 2007 WL 4372075, *2 (D. Hawaii Dec. 13, 2007)(observing alternatives to a deposition may be used).  This will ensure that the plaintiff obtains the information that he seeks, namely to "confirm that he in fact made the statements that [the deponent] was aware during the 2006 Mayoral Campaign that the Defendants engaged in political retaliation against the Plaintiff as a result of the Plaintiff's support" for the

and for good cause shown,

IT IS ON this 25th day of February, 2008

ORDERED that the request for an order compelling Mayor Booker to appear at a deposition is denied and the request for a protective order is granted; and

IT IS FURTHER ORDERED that, no later than **March 5, 2008,** Mayor Booker shall produce a certification to the plaintiff that states: (1) whether or not he had any conversations with and/or about the plaintiff concerning alleged retaliation that had been taken against plaintiff because he supported the deponent's candidacy; (2) whether or not he had heard anything about alleged retaliation taken against the plaintiff because he supported deponent's candidacy and if so, identify the persons who provided the deponent with the information, approximately when, where and how did he hear it, and what did the individual(s) told him; and (3) whether or not the letter dated May 3, 2006 was provided to the plaintiff personally and if not, to whom was it disseminated and whether it was sent as a result of information he learned about how this specific plaintiff was treated.

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**

---

deponent and to obtain directly from the deponent "the basis of his knowledge that Plaintiff was retaliated against as a result" of his support for the deponent's candidacy. Joint Submission, dated February 21, 2008, at 8. This will also provide a means to obtain the information sought more quickly than arranging a deposition of a busy person and an avenue for determining who may have knowledge of the alleged retaliation, which may lead to the discovery of witnesses who may have first-hand knowledge and who may actually have admissible testimony to offer.